By the Court.
Sedgwick, Ch. J.
In Stone v. Cooper, (2 Den. 293), the court of errors, held, that to maintain an action for the recovery of damages, for a false and unauthorized publication, the plaintiff in such action must either aver and prove that he has sustained some special damage from the publication of the matter charged against him, or the nature of the charge itself must be such that the court can legally presume he has been degraded in the estimation of his acquaintances or of the public, or has suffered some other loss, either in his property, character or business, or in his domestic or social relations, in consequence of the publication of such charge. When from the nature of the charge, therefore, in connection with other facts stated in the plaintiff’s declaration, no such injury or loss will necessarily, or even probably result to him in consequence of the publication of such charge, he cannot recover damages as for a libel, without averring and proving that special damage has been in fact sustained by him, in consequence of the charge. The issue before the court was upon demurrer to declaration charging libel.
In Terwillger v. Wands (17 N. Y. 54), the court said *164 that special damages must be the natural, immediate and legal consequence of the words. They cited from Cook’s Law of Defamation (p. 24), “in order to render the consequence of words spoken, special damages, the words must be in themselves disparaging, for if they be innocent the consequence does not follow naturally from the cause.” The words must be injurious in their nature. They further approve the words of a judge in a case cited, “It is said that the words are actionable because a person after hearing them, chose in his caprice to reject the plaintiff as a servant. But if the matter was not in its nature defamatory, the rejection of the plaintiff cannot be considered the natural result of the speaking of the words. To make the speaking of the words wrongful they must in their nature be defamatory.”
It is' to be particularly noticed in the present case, that the so called libel does not charge the plaintiff with having made any false statement in respect of the defendant or his business, or having done any dishonest thing. The complaint charges that the letters written by the defendants were false and untrue and were libels. But taking the whole complaint together, it is to be intended that the complaint meant that the defendant’s statement as to the unbusiness-like conduct of the plaintiff was false.
The defendant did not charge that the plaintiff had been guilty of doing unmercantile things, generally, but the things that were said by the defendant to be unmercantile were specified, such as, &c., &c. This amounts to no more than giving the opinion of the defendant as to plaintiff’s conduct, leaving the employer of plaintiff to form his own opinion on the subject. These things were as follows : “ telling the defendant’s customers to get an inside, that the defendants gave it, and they are fools if they don’t secure it.” The innuendo of the complaint is “meaning that this plaintiff told customers of said defendant, that said defendant had a price other than that at which he offered his goods for sale, and advised them to get it.” The libel evidently does not mean to assert that *165 the defendant did not have two prices for these goods for different sets of customers, but it says that for the plaintiff to tell customers of the fact, was in their opinion, unmercantile. The expression of such an opinion, as to a man’s own interest, is not injurious or defamatory, nor is the communication of it to another likely to do more than cause that other to form an opinion as to plaintiff’s act. The employer of plaintiff being in the business, was able and would naturally protect the plaintiff, by attributing to plaintiff’s acts such qualities as the facts, and not the defendants letter, suggested.
Another tiring was, that plaintiff shrunk some samples of defendant’s goods and said they shrank, and the plaintiff’s samples did not shrink. Nothing of this being said to be false or unjust, as a fact, to the defendant, it could not be injurious to leave the matter for plaintiff’s employer’s opinion. It cannot be said that common experience shows, that under such circumstance, the expression of defendant’s opinion was likely to lead the plaintiff’s employer to form the same opinion. His opinion would be founded upon the facts.
Another part of the libel, as charged, was that the plaintiff “also fishes up some odd samples and says in the same way that our goods are greasy. ” The complaint say, that the meaning of this is, “that this plaintiff attempted by exhibiting an odd sample of goods, to prove that defendant’s goods were greasy and unfit for sale.” This does not even assert that plaintiff attempted to prove that all of defendant’s goods were greasy by exhibiting an odd sample. If it did, the defendant’s charge would be hardly more than that the plaintiff attempted to make an imperfect and erroneous argument.
The most important part of the defendant’s communication remaining unnoticed, is, that the plaintiff “treated with men in the employment of defendant, after being at defendant’s place of business sohciting help, etc., a little unusual proceeding in this section of the country.” The meaning of this is very uncertain. Indeed the innuendo *166 that accompanies it is uncertain in meaning. It is, “meaning that this plaintiff tampered with said defendant’s employees.” It does not appear that the plaintiff is charged with anything unlawful or immoral, or that would tend to degrade or injure him.
The parts of the writing that have not been noticed have no graver import than those that have been considered. The substance is, that the defendant states as facts certain things which are not alleged not to be facts, and giving his own opinion as to them, asks impliedly the opinion of the plaintiff’s employer. The things said to be facts, are not in their nature immoral or unlawful. There is no presumption that a statement of them would injure the plaintiff. The particular consequences that the complaint alleges followed the communication, that is, the defendant being removed from his place at the head of a department of his employer’s business, are not special damage ; first, because there was no libel; second, because it appears that the so-called libel only called upon the employer to form his own opinion and to act upon it. The discharge must have followed the employer’s own view of the facts of the case.
Judgment affirmed, with costs.
Van Vorst and Freedman, JJ., concurred.